UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ Jun 30, 2005 ★
BROOKLYN OFFICE

KOON CHUN HING KEE SOY & SAUCE FACTORY, LTD., a company organized under the laws of Hong Kong

    *Plaintiff,*

-against-

YANG SHING TRADING CO., INC., a New York corporation; and JOHN DOES 1 through 10

    *Defendants.*

CV 04 5442 (JG)

**STIPULATION AND CONSENT JUDGMENT**



Upon consent of the parties to this action, it is hereby **STIPULATED, ORDERED** and **ADJUDGED** that:

1. This Court has jurisdiction over the subject matter of this action.

2. This Court has, and shall retain jurisdiction over the parties hereto, and all those bound hereunder, for purposes of the enforcement of this Stipulation and Consent Judgment.

3. The parties have entered into a confidential Settlement Agreement and Release, which is binding between the parties thereto, and the material terms of which are incorporated herein *in extenso*. Counsel for the parties have agreed to maintain the originals of the Settlement Agreement and Release.

4. The plaintiff Koon Chun Hing Kee Soy & Sauce Factory, Ltd. ("Koon Chun") is the owner of incontestable United States Trademark Registration No. 1,410,790 ("the Koon Chun Trademark"). This registration is valid and subsisting.

5. The "Trademark" enjoys widespread and favorable recognition among the public and trade, has acquired distinctiveness and a secondary meaning as source originating indicia, and now represents a business and good will of significant value to Koon Chun.

6. Since the latter part of 2004 Yang Shing has purchased and re-sold counterfeit versions of Koon Chun's brand of hoisin sauce packaged in six five-pound cans to a box (the "Accused Goods").

7. Yang Shing, its owners, shareholders, principals, partners, officers, directors, employees, subsidiaries, licensors, agents, executors, administrators, successors, heirs, servants and assigns, and all those acting in concert or participation with it (the "Enjoined Parties"), are permanently enjoined and restrained from the date hereof from knowingly:

    a. imitating, copying, or making unauthorized use of any simulation, reproduction, copy, or colorable imitation of the "The Koon Chun Trademark," the Koon Chun name, or any other trademark, service mark, trade dress, or copyright in which the plaintiffs or their affiliates have an interest;

    b. manufacturing, having manufactured, producing, having produced, distributing, circulating, selling, offering for sale, advertising, promoting, using, or displaying any services or products using any simulation, reproduction, copy, or colorable imitation of the "The Koon Chun Trademark," the Koon Chun name, or any other trademark, service mark, trade dress, or copyright in which the plaintiffs or their affiliates have an interest;

    c. making any statement or representation whatsoever, or using any false or misleading descriptions or representations of fact in connection with the manufacture, production, distribution, circulation, sale, offering for sale, advertising, promotion, use, or display of any products or services using any simulation, reproduction, copy, or colorable imitation of the "Koon Chun Trademark" the Koon Chun name, or any other trademark, service mark, trade dress, or copyright in which the plaintiffs or their affiliates have an interest;

    d. engaging in any other activity constituting unfair competition with the plaintiffs, or constituting infringement of the "Koon Chun Trademark," the Koon Chun name, or any other trademark, service mark, trade dress, or copyright in which the plaintiffs or their affiliates have an interest, or any of the plaintiffs' rights in, or to use, or to exploit said trademarks, service marks, trade dress, or copyrights, or constituting any dilution of the goodwill, name, or reputation of the plaintiffs or their affiliates; and

e.  engaging in any other activity constituting infringement of the "Koon Chun Trademark," the Koon Chun name, or any other trademark, service mark, trade dress, or copyright in which the plaintiffs or their affiliates have an interest.

8.  Should the Enjoined Parties be in violation of any of the terms of this Consent Judgment, they will have ten (10) days from the delivery of written notice of said violation to defendant's counsel at the following address:

>  Daniel A. Hochheiser, Esq.
>  Hochheiser & Hochheiser, LLP
>  270 Madison Avenue
>  Suite 1203
>  New York, New York 10016

to cure said violation. If within ten (10) days, the violation is not cured, the Enjoined Party shall be deemed in contempt of this Stipulation and Consent Judgment and shall be liable to the plaintiffs for their attorneys' fees and disbursements expended in any legal proceeding undertaken to enforce this Stipulation and Consent Judgment.

9.  In consideration of the mutual covenants herein, and except for the representations and obligations herein, and the obligations imposed hereby, each of the parties hereto, for itself, and its owners, shareholders, principals, partners, officers, directors, employees, subsidiaries, licensors, agents, executors, administrators, successors, heirs, servants and assigns, forever releases and discharges the other party hereto, and its respective owners, shareholders, principals, partners, officers, directors, employees, subsidiaries, licensors, agents, executors, administrators, successors, heirs, servants and assigns from any and all claims, demands, debts, liabilities, accounts, obligations, costs, expenses, liens, actions, causes of action (at law, in equity, or otherwise), rights to subrogation, rights to contribution, and remedies of any nature whatsoever, known or unknown, asserted or not, arising out of the facts, circumstances, and transactions set forth in the Complaint filed herein.

10.  With respect to the matters herein released, each party acknowledges that it understands the legal and practical effect of the release, and that it has investigated the facts and circumstances

3

related thereto to its satisfaction and is not relying upon any expectation or duty of disclosure by any party.

11. It is the intention of the parties in executing this Consent Judgment and the attached Settlement Agreement and Release that this instrument shall be effective as a full and final accord and satisfaction and release of each and every released matter.

12. Each of the parties hereto represents and warrants that its execution, delivery and performance of the obligations, terms and conditions herein has been duly authorized by all necessary and other corporate or equivalent action, and is valid and binding upon such party.

13. The parties hereto approve and agree to all the obligations, terms, provisions and findings herein, which shall be final and non-appealable.

14. This Agreement may be executed in identical counterparts, all of which together shall constitute one and the same instrument.

15. Facsimile copies of this Agreement signed by any party shall be deemed acceptable as originals.

16. Except as is inconsistent with the foregoing, this action, including all claims and counterclaims, and including without limitation all claims presently known or unknown arising from the individual allegations made herein, is hereby dismissed in its entirety with prejudice, against all parties, and each party shall bear its own costs and attorneys' fees.

### [CONSENTS ON FOLLOWING PAGE]

Dated: June 14, 2005  
New York, New York

HOCHHEISER & HOCHHEISER

*Daniel A Hochheiser* /MS

Daniel A. Hochheiser (DH 9632)  
270 Madison Avenue  
Suite 1203  
New York, New York 10016

Counsel for the Defendant

Dated: June 15, 2005  
New York, New York

ABELMAN FRAYNE & SCHWAB

Lawrence E. Abelman (LA 6486)  
Jeffrey A. Schwab (JS 9592)  
Anthony A. Coppola (AC 3548)  
150 East 42nd Street  
New York, New York 10017  
(212) 949-9022

Counsel for the Plaintiff

So Ordered, _____, 2005:

s/John Gleeson   6-23-05
U.S.D.J

5